**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| ANTHONY NAVA, | |
| Plaintiff, | |
| vs. | Case No. |
| GENERAL MOTORS FINANCIAL COMPANY, INC. | |
| Defendant. | |

## CLASS ACTION COMPLAINT

1.      This complaint is an action to recover damages and illegal profits to prevent Defendant General Motors Financial Company, Inc. ("GM Financial" or "Defendant") from benefitting from its violations of law.

2.      GM Financial routinely and systematically violates provisions of the Texas Debt Collection Act ("TDCA") by collecting from borrowers' fees that are not authorized by their auto loan agreements or permitted by law.

3.      GM Financial is the wholly owned captive finance subsidiary of General Motors. On its website, it states that it offers attractive retail financing and lease programs to meet the needs of GM customers.

4.      GM Financial serves both individual and business customers. Retail customers sign auto finance contracts with GM Financial when they purchase a General Motors vehicle, such as the one plaintiff signed when he purchased his vehicle.

5.      GM Financial abuses its position as a vehicle loan servicer by charging fees to borrowers who make their auto loan payments online or over the phone ("Pay-to-Pay fees"), despite these fees not being expressly authorized in terms of standard auto loan agreements. Because the fees are not expressly agreed to or otherwise legally chargeable, Defendant violates the TDCA by collecting or attempting to collect Pay-to-Pay fees.

6.      As a servicer, Defendant is supposed to be compensated out of interest paid on each borrower's monthly payment – not via additional "service" fees that do not reflect the cost to Defendant of providing such services and seeks to pass along Defendant's servicing costs to borrowers. Under Texas law, Defendant cannot collect Pay-to-Pay fees to create an additional profit center for itself.

7.      Pay-to-Pay fees are not expressly authorized by borrowers' auto loan Promissory Notes ("Auto Loan" or "Promissory Note"). Even if the fee was explicitly included in the Auto Loan (which it is not), Defendant cannot charge it in Texas unless expressly authorized by statute. None of the Pay-to-Pay fees are permitted by the Auto Loan or by statute, and, therefore, Defendant violates Texas law by charging those fees. And, by charging these unauthorized Pay-to-Pay Fees, Defendant violates its contractual obligations to its borrowers.

8.      GM Financial uses a form Promissory Notes for financing and refinancing vehicle purchases and loans. Despite its uniform contractual obligations to charge only servicing fees explicitly stated in the Promissory Notes and applicable law, Defendant leverages its position of power over borrowers and demands exorbitant Pay-to-Pay Fees.

9.      Upon investigation and belief, the actual cost for Defendant to process telephone or online payment transactions is very low – around fifty cents – well below the Pay-to-Pay Fees that Defendant charges Texas borrowers. Defendant impermissibly recoups its collection costs from borrowers and pockets the excess as pure profit.

10.     Plaintiff Anthony Nova paid these Pay-to-Pay fees and brings this class action lawsuit individually and on behalf of all similarly situated putative class members to recover the unlawfully charged Pay-to-Pay fees, and to enjoin Defendant from continuing to charge these unlawful fees.

## PARTIES

11.     Plaintiff Anthony Nova is a citizen of the State of Texas.

12.     Defendant General Motors Financial Company, Inc. is a private company headquartered in Texas, with its principal place of business in Fort Worth, Texas.

## JURISDICTION & VENUE

13.     Venue is proper because Defendant conducts business in the State of Texas, and its principal place of business is in Fort Worth, Texas.

14.     Venue is proper because Plaintiff has his legal residence in this district. 28 U.S.C. § 1391(b)(1).

15.     Subject matter jurisdiction exists under the Class Action Fairness Act because diversity exists between the Defendant and at least one class member and the amount in controversy exceeds $5,000,000.

## COMMON FACTUAL ALLEGATIONS

**The Texas Debt Collection Act**

16.    The Texas Debt Collection Act ("TDCA") prohibits a debt collector from "us[ing] unfair or unconscionable means" in the collection of a consumer debt. Tex. Fin. Code § 392.303(a).

17.    GM Financial is a debt collector under the TDCA, defined as "a person who directly or indirectly engages in debt collection . . .." Id. at § 392.001(6).

18.    As an auto loan servicer or sub-servicer, it is the primary business of Defendant to handle the day-to-day administrative tasks of an auto loan, including receiving payments, and sending monthly statements for the purpose of collecting amounts owed on the debt.

19.    Defendant engages in *debt collection*, which the TDCA defines as "an action, conduct, conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor." Id. at § 392.001(5).

20.    A consumer debt under the TDCA is "an obligation, or an alleged obligation, primarily for personal, family, or household purposes and arising from a transaction or alleged transaction." Id. at § 392.001(2).

21.    As "an individual who has a consumer debt," Plaintiff is a consumer under the TDCA. Id. at § 392.001(1).

22.    As alleged above, the Pay-to-Pay fees Defendants collected are not authorized by Plaintiff's auto loan—or, indeed, any standard auto loan.

23.    By collecting those fees, Defendants engaged in the specifically enumerated "unfair or unconscionable means" of debt collection of "collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer[.]" Tex. Fin. Code § 392.303(a)(2).

**Named Plaintiff's Allegations**

24.     Plaintiff entered into a Promissory Note to finance the purchase of his personal vehicle.

25.     Defendant has charged Plaintiff a $40.00 fee for making monthly payments online.

26.     The Promissory Note did not entitle Defendant to assess fees for scheduled payments, electronic payments, online payments or telephone payments.

27.     As alleged above, the TDCA prohibits the collection of Pay-to-Pay fees because they are not expressly authorized in Plaintiff's loan contract or otherwise legally chargeable to Plaintiff.

28.     On information and belief, which can be confirmed through review of Defendant's documents, Defendant reaps a substantial profit from collecting Pay-to-Pay fees.

29.     The $40.00 collected from its borrowers in Pay-to-Pay fees thus violates the TDCA.

30.     Defendant has collected multiple Pay-to-Pay fees from Plaintiff.

## CLASS ALLEGATIONS

31.     Plaintiff brings this action on behalf of himself and all others similarly situated pursuant to Fed. R. Civ. P. 23. This action satisfies the numerosity, commonality, typicality, adequacy, and predominance requirements of Rule 23(a).

32.     Plaintiff seeks certification of the following class:

All person in the United States with (1) a loan securing property in Texas, (2) where the lender, broker, service, or sub-servicer is GM Financial, (3) who paid a fee to GM Financial for making a loan payment by telephone, by interactive voice recognition (IVR) or by other electronic means such as online, during the applicable statutes of limitations through the date a class is certified.

33.     Plaintiff reserves the right to refine the class definition in light of discovery and additional investigation.

34.     Excluded from the Classes are Defendants, and Defendants' parents, subsidiaries, affiliates, officers and directors, any entity in which Defendants have a controlling interest, all mortgagors who make a timely election to be excluded, governmental entities, and all judges assigned to hear any aspect of this litigation, as well as their immediate family members, and members of the staffs of the judges to whom this case should be assigned.

35.     The members of the Classes are so numerous that joinder is impractical. While the exact number of members of the Classes cannot be determined without discovery, Plaintiff believes that the Classes consist of thousands of members, the identity of whom, upon information and belief, can be readily determined upon review of records maintained by Defendants.

36.     Plaintiff's claims are typical of the claims of other members of the Classes, in that they arise out of the same acts of Defendants, namely assessing fees to borrowers that are not permitted by contract or Texas law. Plaintiff has suffered the harms alleged and has no interests antagonistic to the interests of any other member of the Classes

37.     There are numerous questions of law and fact common to the putative class, which predominate over any questions affecting only individual class members, including by not limited to:

     a.   Whether Defendant assess Pay-to-Pay fees on Class Members;

     b.   Whether Defendant violated the Texas Debt Collection Act by charging customers for Pay-to-Pay fees that are part of their fee or charge for services rendered;

    c.   Whether Defendant violated the TDCA by charging Pay-to-Pay fees not authorized by the loan agreement and by statute;

    d.   Whether Defendant's business practices are unlawful;

    e.   Whether Plaintiff and the Class were damaged by Defendant's conduct;

    f.   Whether Plaintiff and the Class are entitled to actual and/or statutory damages as a result of Defendant's actions; and

    g.   Whether Plaintiff and the Class are entitled to attorney's fees and costs.

38.    The principal common issues involve whether Defendant's conduct regarding unauthorized fees constitutes a violation of the debt collection practice provisions of the TDCA.

39.    Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in the prosecution of class actions and, in particular, class actions on behalf of consumers and against financial institutions. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the members of the Classes.

40.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the amount of each of the Class member's claims are small relative to the complexity of the litigation, and due to the financial resources of Defendants, no member of the Classes could afford to seek legal redress individually for the claims alleged herein. Therefore, absent a class action, the members of the Classes will continue to suffer losses and Defendants' misconduct will proceed without remedy.

41.     Even if members of the Classes could afford such individual litigation, the court system could not. Given the complex legal and factual issues involved, individualized litigation would significantly increase the delay and expense to all parties and to the Court. Individualized litigation would also create the potential for inconsistent or contradictory rulings. By contrast, a class action presents far fewer management difficulties, allows claims to be heard which might otherwise go unheard because of the relative expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale, and comprehensive supervision by a single court.

42.     Alternatively, certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because it is clear that declaratory and injunctive relief is appropriate respecting the Classes as a whole.

## CLAIMS FOR RELIEF

### COUNT I: Violation of the Texas Debt Collection Act

43.     Plaintiff incorporates the preceding paragraphs as if alleged herein.

44.     Plaintiff gave Defendant an interest in the vehicle to secure the loan she took out to purchase said vehicle in her home State of Texas, and she is therefore, under the TDCA, a "consumer" who took out a "consumer debt."

45.     Defendant is a "debt collector" under the TDCA.

46.     In the process of "debt collection," by collecting or attempting to collect Pay-to-Pay fees, Defendants engaged in the "unfair or unconscionable means" of "collecting or attempting to collect . . . a charge, fee, or expense incidental to the obligation" that was not "expressly authorized by the agreement creating the obligation or legally chargeable to the" Plaintiff and members of the TDCA Class.

47.     As such, Defendant violated the TDCA and Plaintiff and each member of the putative class has suffered actual and/or statutory damages.

48.     On behalf of the Class, Plaintiff seeks an injunction restraining Defendant from charging Pay-to-Pay fees and actual damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and others similarly situated, respectfully requests that this Court:

1.     Issue an order that this action may be maintained as a class action under Fed. R. Civ. P. 23, that Plaintiff is a proper class representative, and that his counsel are appointed Class Counsel;

2.     Award compensatory damages and restitution in the amount of all Pay-to-Pay fees collected from members of the Class, and interest on those fees;

3.     Award actual damages in an amount according to proof;

4.     Award injunctive relief requiring Defendant to cease collection of all improperly charged fees that have been charged to, but not yet collected from, Plaintiff and members of the Class;

5.     Award injunctive relief to enjoin Defendant's wrongful acts and further violations of Plaintiff's and the Class's rights, including but not limited to requiring Defendant to implement procedures to ensure they cease collecting and attempting to collect the improper fees identified in this Complaint;

6.     Award pre-judgment interest at the maximum rate permitted by applicable law;

7.     Enter a declaratory judgment that Defendant, through its wrongful actions, have kept and continue to keep for itself, benefits that are due and owed to Plaintiff and members of the Class;

8.     Award reasonable attorneys' fees and costs pursuant to applicable law; and

9.     Award such reasonable other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff and members of the Class hereby request a trial by jury.


Dated:  March 31, 2025                              Respectfully Submitted,


                                                   /s/ *Nicole Bell*
                                                   Nicole Bell – TX Bar #: 24135615
                                                   **PEIFFER WOLF CARR KANE
                                                   CONWAY & WISE, LLP**
                                                   935 Gravier Street
                                                   Suite 1600
                                                   New Orleans, LA 70112
                                                   Tel.: 504-523-2434
                                                   nbell@peifferwolf.com

                                                   Brandon M. Wise*
                                                   Domenica M. Russo*
                                                   **PEIFFER WOLF CARR KANE
                                                   CONWAY & WISE, LLP**
                                                   One US Bank Plaza
                                                   Suite 1950
                                                   St. Louis, Missouri 63101
                                                   Tel.: 314-833-4825
                                                   bwise@peifferwolf.com
                                                   drusso@peifferwolf.com

                                                   *pro hac vice forthcoming*

                                                   **Attorneys for Plaintiff**